

**Service of Process Transmittal**
03/25/2021
CT Log Number 539271956

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Florida**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Steffey Teresa, Pltf. vs. Wal-Mart Stores East, LP, etc. And Gina Doe, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Request(s), Notice(s), Interrogatories |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 2021005368CA01 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/05/2019 - 5851 NW 177 Street in Hialeah, Miami-Dade County, Florida |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/25/2021 at 11:54 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Yeemee Chan<br>Steinger, Greene & Feiner, P.A.<br>2727 NW 62 St.<br>Fort Lauderdale, FL 33309<br>954-491-7701 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/25/2021, Expected Purge Date: 03/30/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Mar 25, 2021

**Server Name:** April Lewis

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2021-005368-CA-01 |
| Jurisdiction | FL |



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

TERESA STEFFEY

    Plaintiff,

CASE NO. 2021-005368-CA-01

vs.

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership
and GINA DOE, Employee,

    Defendants,
_____/



## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Request for Admissions, Interrogatories, and Request to Produce in this action on Defendant:

**WAL-MART STORES EAST, LP**
**By serving its Registered Agent:**
**C T CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

    EACH Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's Attorney whose address is:

Yeemee Chan, Esquire
**Steinger, Greene & Feiner, P.A.**
2727 NW 62 St.
Ft Lauderdale, FL 33309
ychan@injurylawyers.com
Telephone: (954) 491-7701

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's Attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED on _____3/10/2021_____.

Clerk of the Court

BY:_____

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

TERESA STEFFEY,

          Plaintiff,
vs.                                                      CASE NO.

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership
and GINA DOE, Employee,

          Defendants.
_____/

## COMPLAINT

The Plaintiff, TERESA STEFFEY, by and through his undersigned counsel and sues the Defendants, WAL-MART STORES EAST, LP, a Foreign Limited Partnership and GINA DOE, Employee, and alleges as follows:

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00).

2. At all times material hereto, Plaintiff, TERESA STEFFEY, was an individual residing in Miami-Dade County, Florida.

3. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, was and is a Foreign Limited Partnership authorized and licensed to do business and in fact doing business in Miami-Dade County, Florida and throughout the State of Florida.

4. At all times material hereto, the Defendant, GINA DOE was an individual residing in an unknown county.

5. On or about April 5, 2019, Defendant, WAL-MART STORES EAST, LP, leased, rented, possessed, controlled, owned, and/or operated, a building and/or property located at 5851

NW 177 Street in Hialeah, Miami-Dade County, Florida that was used as a retail store and did supervise and maintain said property through its agents and servants.

6.   At all times material hereto, Defendant, GINA DOE, was an Assistant Manager at the subject Wal-Mart store, and was an employee, representative, servant, and/or agent of the Defendant, WAL-MART STORES EAST, LP., and was charged with maintaining and overseeing the subject premises.

7.   On the above date and time, the Plaintiff, TERESA STEFFEY, was an express or implied invitee of Defendant, WAL-MART STORES EAST, LP.

8.   On the above date and time, the Plaintiff, TERESA STEFFEY, slipped and fell on a liquid substance which was on the ground in the rear action alley near the household chemicals department inside the subject WAL-MART store.

9.   The above liquid substance on the floor was a dangerous condition created by the Defendants, and/or known to Defendants, and/or had existed for a sufficient length of time so that Defendants knew or should have known of it, and/or the condition occurred with such regularity that it was foreseeable, thus Defendants should have protected the Plaintiff from the existing danger.

10.   At all times material hereto, Defendants, while operating and/or maintaining the subject premises, created a foreseeable zone of risk of harm by failing to operate and/or maintain the premises in a careful and prudent manner.

11.   At all times material hereto, the Plaintiff, TERESA STEFFEY, fell within the foreseeable zone of risk of harm created by Defendants.

12.   As a direct, proximate and foreseeable result of the fall and the negligence of the Defendants, Plaintiff sustained serious injury

## COUNT I - NEGLIGENCE OF WAL-MART STORES EAST, LP

Plaintiff re-adopts and re-alleges each and every allegation contained in paragraphs 1 through 12 as if they were fully set forth herein.

13. The Defendant, WAL-MART STORES EAST, LP, and its employees owed to the Plaintiff a duty of reasonable care to maintain the premises, including the rear action alley near the household chemical department, in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her.

14. That it was the duty of the Defendant, WAL-MART STORES EAST, LP to warn Plaintiff of aforesaid dangerous and unsafe condition.

15. WAL-MART STORES EAST, LP, by and through its employees, servants, and/or agents breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts and/or omissions which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

    a. The Defendant failed to properly maintain and examine the rear action alley floors near the household chemical department to make sure they were safe and free from liquid, substances, and/or debris;

    b. The Defendant should have exercised reasonable care in the care of its floors;

    c. The Defendant failed to utilize reasonable care in the design, planning, inspection, mode of operation, and maintenance of said premises, particularly the rear action alley.

    d. The Defendant failed to warn the Plaintiff of the dangerous condition.

    e. The aforedescribed dangerous condition was a

3

        regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the dangerous and hazardous condition.

    f.    The Defendant failed to implement sufficient preventative measures designed to eliminate or reduce the danger posed by this condition;

    g.    The Defendant was negligent in over-stacking pallets of products such that it would cause product material to leak from their containers; and/or

    h.    Plaintiff reserves the right to amend as discovery continues.

16.    As a direct, proximate and foreseeable result of the negligence of the Defendant, the Plaintiff, TERESA STEFFEY, suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, inconvenience, lost earnings and loss of earning capacity in the future, loss of capacity for the enjoyment of life, mental anguish, expense of hospitalization, medical, chiropractic, and nursing care and treatment, and aggravation of a previously existing condition, disease, or physical defect. TERESA STEFFEY'S losses are permanent and continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, TERESA STEFFEY, demands judgment against the Defendant, WAL-MART STORES EAST, LP, for damages, costs, and interest and demands trial by jury of all issues so triable as a matter of right.

### COUNT II- NEGLIGENCE OF GINA DOE, Employee

Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 12 as if they were fully set forth herein.

17.    Upon information and belief, Defendant, GINA DOE, Employee, was present and in control of the subject premises, and specifically the subject rear action alley near the

household chemical department, in the course of her employment as an Assistant Manager, an employee, representative, servant, and/or agent of the subject WAL-MART store.

18. The Defendant, GINA DOE, as assistant manager, employee representative, servant, and/or agent of the subject store identified herein, personally owed to the Plaintiff a duty of reasonable care to maintain the rear action alley floors in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her.

19. That it was the duty of the Defendant, GINA, employee, to warn Plaintiff of aforesaid dangerous and unsafe condition.

20. The Defendant, GINA, employee, breached her duty of care to the Plaintiff, by committing one or more of the following negligent acts and/or omissions which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

   a. The Defendant failed to properly maintain and examine the household chemical department floors to make sure they were safe and free from liquid, substances, and/or debris;

   b. The Defendant should have exercised reasonable care in the care of its household chemical department floors;

   c. The Defendant failed to utilize reasonable care in the design, planning, inspection, mode of operation, and maintenance of said premises, particularly the household chemical department floors.

   d. The Defendant failed to warn the Plaintiff of the dangerous condition.

   e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

  f. The Defendant failed to implement sufficient preventative measures designed to eliminate or reduce the danger posed by this condition;

  g. The Defendant was negligent in over-stacking pallets of products such that it would cause product material to leak from their containers; and/or

  h. Plaintiff reserves the right to amend as discovery continues.

21. As a direct, proximate and foreseeable result of the Defendant's negligence, the Plaintiff, TERESA STEFFEY, suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, inconvenience, lost earnings and loss of earning capacity in the future, loss of capacity for the enjoyment of life, mental anguish, expense of hospitalization, medical, chiropractic, and nursing care and treatment, and aggravation of a previously existing condition, disease, or physical defect. TERESA STEFFEY'S losses are permanent and continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, TERESA STEFFEY, demands judgment against the Defendant, GINA DOE, Employee, for damages, costs, and interest and demands trial by jury of all issues so triable as a matter of right.

DATED this 4th day of March 2021.

**STEINGER, GREENE & FEINER, P.A.**
2727 NW 62nd Street
Fort Lauderdale, FL 33309
Telephone: (954) 491-7701
ychan@injurylawyers.com
Attorneys for Plaintiff

/s/ *Yeemee Chan, Esquire*

Yeemee Chan, Esquire
Florida Bar No.: 58355